1192

St. Louis National Baseball Club, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 26798.   Promulgated March 30, 1929.

*Henry J. Richardson, Esq.*, for the petitioner.
*Harry L. Jones, Esq.*, and *John D. Kiley, Esq.*, for the respondent.

OPINION.

SMITH: Although the petitioner has appealed to this Board from deficiencies in income tax for both 1922 and 1923, it has assigned no errors with respect to the determination of a deficiency in income tax for 1922. In *Belvidere Lumber Co.*, 6 B. T. A. 84, we held that a corporation filing a separate return for 1922 may not subsequently file a consolidated return for that year. The deficiency determined for 1922 is therefore sustained.

The petitioner and the Syracuse Baseball Club filed separate income-tax returns for 1922, although affiliated within the meaning of section 240(c) of the Revenue Act of 1921 for a portion of the year. The two corporations filed a consolidated return for 1923, without in anywise requesting the Commissioner for permission to change the basis for the filing of returns. Petitioner contends that inasmuch as it was not affiliated with the Syracuse Baseball Club for the entire calendar year 1922, the fact that the two corporations filed separate returns for that year is no bar to their filing a consolidated return for 1923, even though no consent for the change of a basis of filing returns had been secured from the respondent. The respondent contends that since no permission for the filing of a consolidated return for 1923 was obtained, the filing of separate returns for 1922 is a bar to the filing of a consolidated return for 1923.

Section 240(a) of the Revenue Act of 1921 provides as follows:

That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under the regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

Section 200(1) of the Revenue Act of 1921 defines the term "taxable year" as follows:

The term "taxable year" means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed

under section 212 or section 232. The term "fiscal year" means an accounting period of twelve months ending on the last day of any month other than December.

It will be noted from the foregoing that corporations which are affiliated may "make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, * * *." Pursuant to such authority the Commissioner, with the approval of the Secretary, promulgated on February 15, 1922, Regulations 62, which provide in article 634 as follows:

*Change in ownership during taxable year.*—(*a*) Where corporations are affiliated at the beginning of a taxable year but due to a change in stock ownership or control during the year the affiliated status is terminated, or (*b*) where corporations are not affiliated at the beginning of the taxable year but through change of stock ownership or control during the year become affiliated, a full disclosure of the circumstances of such changes of stock ownership shall be submitted to the Commissioner. Ordinarily in such cases the parent or principal company, under the conditions described in (*a*) above, should exclude from its return the income and invested capital of such subsidiary or subordinate company from the date of the change of stock ownership, and under the conditions described in (*b*) above, should include in its return the income and invested capital of such subsidiary or subordinate company from the date of the change of stock ownership. In either case the subsidiary or subordinate corporation whose status is changed during the taxable year should make a separate return for that part of the taxable year during which it was outside of the affiliated group.

Where, in accordance with the procedure set forth above, a return is made by a corporation for a period less than a year, the tax shall be computed in accordance with sections 226 and 239 and the articles thereunder. In any case in which the change of consolidated status is for a period so short as to be negligible, a consolidated return or separate returns for the entire period, as the case may be, may be filed; in such cases, however, there should accompany the return a complete statement setting forth the changes in the affiliated status occurring during the taxable year.

So far as the year 1923 is concerned, this proceeding is distinguishable from *Belvidere Lumber Co.*, *supra*. In that case the taxpayer had filed a separate return for 1922 and thereafter requested permission to file a consolidated return with another corporation with which it was affiliated for a portion of the year 1922. The permission was denied upon the ground that the separate return which had already been filed was a correct and proper return under the statute and that the statute did not provide for the filing of an amended return.

The only advantage to be gained by corporations which are affiliated in the filing of separate returns is that they may then obtain the benefit of a specific credit for each corporation as provided in section 236 (b). If they were affiliated for a taxable year beginning on or after January 1, 1922, and filed separate returns for that taxable year,

they are required by the statute thereafter to file separate returns unless permission to change the basis shall be granted by the Commissioner.

The petitioner and the Syracuse Baseball Club were not affiliated for the "taxable year" 1922. Counsel for the petitioner in his brief suggests that no consolidated return was filed for 1922 because the corporations were not affiliated for the "taxable year," namely, the calendar year 1922, and that the corporations under their interpretation of the law could not file a consolidated return for that year.

There is no question in this proceeding but that the corporations were affiliated from July 3, 1922. Furthermore, there is no question but that if the petitioner had requested the Commissioner to permit the filing of a consolidated return for 1923, such permission would have been granted. The petitioner and the Syracuse Baseball Club not having been affiliated for the entire calendar year 1922, the petitioner's "taxable year," the filing of separate returns for 1922 was not an election on their part to thereafter file on a separate basis. The calendar year 1923 was the first "taxable year" for which an election of basis could be made. The corporations elected to file a consolidated return for 1923. The tax liability for 1923 should be computed upon the basis of such consolidated return.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

TRAMMELL and ARUNDELL dissent.